Andrew P. Rundquist (SBN: 262523)
**Law Office of Andrew P. Rundquist**
501 W. Broadway Ste. A144
San Diego, CA 92101
Telephone: (619) 992-9148
E-mail: Andrew@RundquistLaw.com

Attorney for Plaintiff
DYLAN ROECKER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN ROECKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINN LAW GROUP, APC,<br><br>Defendant. | Case# **'20 CV0263 AJB  AHG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 U.S.C. §§ 1692 – 1692p |

Plaintiff, DYLAN ROECKER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations that pertain to the named Plaintiff or his attorney (which are alleged on personal knowledge), hereby makes the following allegations:

### <u>INTRODUCTION</u>

1.    Defendant is a debt collection law firm who unlawfully attempted to collect a debt from Plaintiff by renewing a state court collections judgment after the

time for renewal had expired.  Defendant's state court collections pleadings in Plaintiff's case make it evident that Defendant's conduct was not limited to Plaintiff.

2.    Consequently, Plaintiff, on behalf of himself and all persons similarly situated, brings a consumer class action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 – 1692p, which was enacted to combat these types of unfair and deceptive practices by debt collectors. The class seeks declaratory judgment and damages against Defendant arising from its routine practice of renewing expired collections judgments and from its routine practice of misrepresenting to consumers that the enforceability of expired judgments has been extended 10 years.

## JURISDICTION

3.    Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

4.    This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.*  While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## VENUE

5.    Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## PARTIES

6.    Plaintiff DYLAN ROECKER is a natural person residing in San Diego County, California.  At all relevant times, Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

7.    Defendant WINN LAW GROUP, APC is a professional corporation organized under the laws of the state of California and its principal place of business is located at 110 E. Wilshire Ave. Ste. 212, Fullerton, Orange County, CA 92832. Defendant may be served as follows: Winn Law Group, APC, c/o its registered agent, Brian N. Winn, 110 E. Wilshire Ave. Ste. 212, Fullerton, CA 92832.  Plaintiff is informed and believes, and thereon alleges, that the principal business of Defendant, a debt collection law firm, is the collection of consumer debt using the mails, telephone and other instrumentalities of interstate commerce.  Defendant regularly attempts to collect, both directly and indirectly, the consumer debt asserted to be due another.  Defendant is thus a "debt collector" per 15 U.S.C. § 1692a(6).

8.    At all relevant times, Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

## FACTUAL ALLEGATIONS

9.    <u>May 22, 2007</u>:    Worldwide Asset Purchasing, LLC ("Worldwide") was awarded $7,361.13 plus interest in an arbitration against Plaintiff.   The arbitration arose out of a defaulted debt Plaintiff owed on a consumer credit card Plaintiff used primarily for personal, family and household purposes. 15 U.S.C. § 1692a(5).

---

Class Action Complaint

10.  <u>Apr. 23, 2008</u>:    San Diego Superior Court Judge Rafael A. Arreola, in Case# 37-2007-00080992-CL-PA-CTL, signed an order confirming Worldwide's arbitration award and entered judgment against Plaintiff for $8,020.22.  This, then, was the date of entry of judgment. *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1267-1268, fn. 2.

11.  <u>Oct. 6, 2008</u>:    Worldwide recorded an abstract of judgment against Plaintiff in the San Diego County Recorder's Office under document number 2008-0524697.

12.  <u>Dec. 31, 2010</u>:    Worldwide assigned all right, title and interest in its judgment to Galaxy Portfolios, LLC ("Galaxy").

13.  <u>Apr. 23, 2018</u>:    Galaxy's April 23, 2008 judgment against Plaintiff expired 10 years after the date of entry of judgment. Cal. Code Civ. P. § 338.020.

14.  <u>Aug. 7, 2018</u>:    Defendant, on behalf of Galaxy, in an attempt to collect a debt from Plaintiff, filed an application to renew the expired judgment against Plaintiff, but the Court rejected that document for failing to list the assignee's information on the application. **(Ex. 1).**  The Clerk of the Court advised Defendant in writing that the Court "no longer [rejects] documents that have [passed] the judgment expiration date." **(Ex. 1).**

15.  <u>Aug. 27, 2018</u>:    Despite the Court's written warning about the judgment expiration date, Defendant, in an attempt to collect a debt from Plaintiff, again filed an application to renew the expired judgment. **(Ex. 2).**  The Clerk of the Court entered the renewal of judgment.

16.  <u>Mar. 8, 2019</u>:    Defendant, in an attempt to collect a debt from Plaintiff, mailed the Notice of Judgment Renewal to Plaintiff at 7482 Salizar St., San Diego, CA 92111. **(Ex. 3 p. 3)**.  Defendant's Notice falsely stated that Defendant's unlawful renewal of judgment had "[extended] the period of enforceability of the

judgment until 10 years from the date the application for renewal was filed [August 27, 2018]." **(Ex. 3 p. 1)**.

17.    <u>Mar. 14, 2019</u>:    Defendant, in an attempt to collect a debt from Plaintiff, filed a Proof of Service falsely stating its Notice of Renewal of Judgment had been served on Plaintiff at an address (7482 Salizar St.) where Plaintiff had not resided for more than a year. **(Ex. 3 p. 2).**  In fact, Plaintiff was never served with Defendant's Notice of Renewal of Judgment, and Plaintiff never otherwise acquired actual knowledge of the renewed judgment until September 2019.

18.    <u>Sept. 2019</u>:    An attorney for Plaintiff, while performing legal work in an unrelated matter, for the first time discovered the expired judgment had been renewed and advised Plaintiff of such.

19.    <u>Oct. 2019</u>:    Plaintiff, upon learning of the renewed judgment, immediately hired an attorney to represent him at the state court level to vacate the renewed judgment and Plaintiff thus incurred actual damages in the form of attorney's fees and costs. *Riley v. Giguiere*, 631 F.Supp.2d 1295, 1313-1314 (E.D. Cal. 2009); *Lowe v. Elite Recovery Solutions*, 2008 WL 324777 *3 (E.D. Cal. Feb. 5, 2008); *Sykes v. Mel Harris & Assoc., LLC*, 757 F.Supp.2d 413, 427-428; *Owens v. Howe*, 365 F.Supp.2d 942, 948 (N.D. Ind. 2005).

20.    <u>Jan. 30, 2020</u>:    The San Diego Superior Court entered an order vacating the renewed judgment and extinguishing all related liens.

### DEFENDANT'S ROUTINE PRACTICES

21.    Plaintiff is informed and believes, and thereon alleges, that it is the standard, but unlawful, practice and policy of Defendant to apply for the initial renewal of judgment based on the date of initial recordation of the abstract of judgment instead of based on the date of the entry of judgment. Cal. Code Civ. P. § 338.020.  Plaintiff is informed and believes, and thereon alleges, that Defendant

Class Action Complaint

routinely waits until after the judgment has expired and up to the eve of the 10-year anniversary of the date of initial recordation of the abstract of judgment to submit its application for renewal of judgment. **(Ex. 1; Ex. 2)**. As a matter of policy and standard practice, Defendant calendars renewal deadlines based on the date of the recording of the abstract.

22.    Though the Court after Defendant's first failed attempt to file its application for renewal gave Defendant a notice of rejection that included the warning "[w]e no longer reject documents that have [passed] the judgment expiration date" **(Ex. 1)**, Defendant still filed a second application for renewal despite the judgment having long expired. **(Ex. 2).** Plaintiff is informed and believes, and thereon alleges, that Defendant's second application was affixed with the robo-signature of Defendant's employee, Amit Taneja, an assoiate attorney. **(Ex. 2).** Plaintiff is informed and believes, and thereon alleges, that Mr. Taneja never reviewed that document before it was automatically dispatched for filing with the Court. Plaintiff is informed and believes, and thereon alleges, that at a minimum it is Defendant's standard practice and routine not to have its attorneys meaningfully review applications for renewal of judgment before they are dispatched for filing. Had Mr. Taneja meaningfully reviewed the application and had Mr. Taneja been properly trained to compare the date of entry of judgment to the intended date of application for renewal of judgment, Mr. Taneja would have prevented Defendant's time-barred application from being filed. Plaintiff is informed and believes, and thereon alleges, that it is Defendant's routine practice of foregoing meaningful attorney review of these applications. That practice combined with Defendant's failure to adequately train its attorneys routinely leads to Defendant applying for judgment renewals on expired judgments.

Class Action Complaint

## **CLASS ALLEGATIONS**

23.    Plaintiff brings this action on behalf of a Class of all other persons similarly situated pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24.    Plaintiff tentatively defines the Class as (i) all persons residing in California (ii) against whom Defendant renewed and made enforceable in the Courts of the State of California an expired judgment (iii) in an attempt to collect an alleged debt (iv) that was incurred primarily for personal, family or household purposes, (v) during the period beginning one year prior to the date of filing this matter through the date of class certification.

25.    The Class is so numerous that joinder of all members is impractical. On information and belief, Defendant has renewed expired judgments against dozens to hundreds of California Class members.

26.    There are questions of law and fact common to the Class that predominate over any questions peculiar to individual Class members.  The common questions include:

        a.    Whether Defendant's practice of renewing and making enforceable expired judgments violates the FDCPA; and

        b.    Whether Defendant's practice of misrepresenting to consumer that Defendant has effectively renewed an expired judgment and made it enforceable for an additional 10-year period violates the FDCPA.

27.    There are no individual questions of law or fact other than whether a Class member had a judgment untimely renewed against her/him, a question that can be resolved by ministerial inspection of Defendant's records.

Class Action Complaint

28.     Plaintiff's claims are typical of the Class members in that he alleges the same claims asserted on behalf of the Class as a whole.

29.     Plaintiff will fairly and adequately represent and protect the interests of the Class members.   Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA.   Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this claim.   Plaintiff and his counsel will vigorously pursue this matter.

30.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

31.     Prosecution of separate actions by individual Class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

32.     Prosecution of separate actions by individual members of the Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants who are expected to oppose the Class.

33.     Questions of law and fact common to the Class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the Class will be effective and appropriate for the entire class; all members of the Class have right to damages or other relief which my be readily computed in each case or otherwise readily determined.

34.     Many of the persons with whom Defendant has dealt, or who were affected by Defendant's activities, may not be aware of their rights, or are not in a

- 8 -
Class Action Complaint

financial position to assert such rights readily. Because relegation of their claims to individual actions would result in an unreasonable multiplicity of lawsuits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

35.     A class action is a superior method for the fair and efficient adjudication of this controversy. Classwide damages are essential to induce Defendant to comply with state and Federal law, e.g. voluntarily vacating all time-barred renewals of judgment obtained and releasing all unenforceable abstracts of judgments without forcing each affected Class member to litigate those issues separately. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damage award on an individual case is $1,000 for violation of the FDCPA. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g. for securities fraud.

36.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

37.     Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

38.     On behalf of himself and the Class he seeks to represent, Plaintiff brings the first claim for relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 – 1692p.

39.     Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

40.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

41.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

42.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

43.    Defendant renewing an expired violated the FDCPA in the following non-exclusive respects:

    a.    15 U.S.C. § 1692e(2)(A): falsely representing the character and legal status of the debt;

    b.    15 U.S.C. §§ 1692e, e(10): using false, misleading and deceptive means in connection with the attempt to collect a debt;

    c.    15 U.S.C. § 1692f: using unfair and unconscionable means in an attempt to collect a debt; and

    d.    15 U.S.C. § 1692f(1): attempting to collect an amount not permitted by agreement or law.

44.    Defendant falsely stating in its Notice of Renewal that the judgment's enforceability had been extended 10 years violated the FDCPA in the following non-exclusive respects:

    a.    15 U.S.C. § 1692e(2)(A): falsely representing the character and legal status of the debt; and

    b.    15 U.S.C. §§ 1692e, e(10): using false, misleading and deceptive means in connection with the attempt to collect a debt.

45.    Defendant falsely stating in its Proof of Service of the Notice of Renewal (and subsequently filing that document with the court) that Plaintiff had

been served with the Notice violated the FDCPA in the following non-exclusive respects:

      a.    15 U.S.C. § 1692e(2)(A): falsely representing the character and legal status of the debt; and

      b.    15 U.S.C. §§ 1692e, e(10): using false, misleading and deceptive means in connection with the attempt to collect a debt.

46.    All of Defendant's acts as described above were a continuing pattern and course of conduct that together culminated in making the expired judgment enforceable upon the filing of the Proof of Service. Cal. Code Civ. P. § 683.160(b).

47.    Upon information and belief, Defendant, at all relevant times, intentionally failed to disclose to Plaintiff that Defendant had renewed an expired judgment against Plaintiff and/or Defendant prevented Plaintiff from discovering that fact. When Defendant allegedly mailed its Notice of Renewal to Plaintiff, Defendant willfully ignored that its mailing address for Plaintiff was invalid and Defendant knowingly discarded the mail piece which was returned to Defendant as "undeliverable as addressed." Defendant thus knew when it filed its Proof of Service that Plaintiff had not been given notice of the renewal, and Defendant intended that the Proof of Service would make, to the detriment of Plaintiff, the expired judgment enforceable per Cal. Code Civ. P. § 683.160(b).

48.    Defendant's acts as described above were done intentionally; that is, Defendant purposefully renewed an expired judgment knowing that over 10 years had passed from the date of entry of judgment, and Defendant intended for that renewed judgment to be made enforceable to collect a debt from Plaintiff.

49.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award for actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

Class Action Complaint

50.   As a result of Defendant's violations of the FDPCA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i).

51.   As a result of Defendant's violations of the FDPCA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

52.   As a result of Defendant's violations of the FDCPA, Plaintiff and the Class are entitled to an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Certify this litigation to proceed as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3);

c)   Declare that Defendant's practice of renewing and making enforceable expired judgments violates the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1);

d)   Declare that Defendant's practice of communicating to consumers notices that falsely state expired judgments have been effectively renewed for a period of 10 years violates the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

e)   Award Plaintiff actual damages according to proof at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

Class Action Complaint

f)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i);

g)  Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000.00) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

h)  Award Plaintiff and the Class the costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

i)  Award Plaintiff and the Class such other and further relief as may be just and proper.


**LAW OFFICE OF ANDREW P. RUNDQUIST**


Date: <u>2/11/2020</u>        By: <u>/s/ Andrew P. Rundquist</u>
                        Andrew P. Rundquist (SBN: 262523)
                        501 W. Broadway Ste. A144
                        San Diego, CA 92101
                        Tel.: (619) 992-9148
                        E-mail: Andrew@RundquistLaw.com

                        Attorney for Plaintiff
                        DYLAN ROECKER